■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Appellant, and GRACE NEITHARDT, in Behalf of ERNEST NEITHARDT, Deceased, et al., Respondents.— Order entered on August 3, 1965 appealed from unanimously reversed on the law, without costs and disbursements to either party, and the motion for a stay of arbitration granted. August 12, 1964, petitioner Allstate Insurance Company (Allstate) had an outstanding insurance policy with Ernest Neithardt. Among other things the policy provided for coverage for protection against bodily injury by an uninsured auto-

mobile. Allstate agreed to pay all sums "which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident \* \* \* and arising out of the ownership, maintenance or use of such uninsured automobile." The policy in the section dealing with uninsured automobiles included in such definition "hit-and-run automobile" as follows: "The words 'hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: ", etc. The policy also contained a provision for arbitration in the event of disagreement. An accident occurred August 12, 1964 as a result of which the insured and the occupants of his car were injured. The insured later died as a result of the injuries sustained. Respondents contended, and Allstate disputed, that the accident was caused by a hit-and-run automobile within the coverage of the policy. It may be noted that the only issue raised by Allstate was that of coverage. When the parties were unable to resolve the dispute respondents served a notice of intention to arbitrate, such notice having attached thereto the 10-day notice provided for in CPLR 7503 (subd. [c]). The notice was served May 28, 1965, and Allstate moved for a stay of arbitration on June 11, 1965, asserting there was no hit-and-run vehicle involved in the accident. After the motion was denied as not timely made Allstate took this appeal. The order appealed from must be reversed. CPLR 7503 (subd. [c]) specifically provides that the notice of intention must contain, *inter alia*, "the name and address of the party serving the notice". In the case before us, since the notice failed to contain the address of the party as required, it cannot serve as the basis for a preclusion order. The issue was raised and squarely passed upon in *Matter of MVAIC* (*Spitzer*) (N. Y. L. J., Feb. 27, 1963, p. 15, col. 3, affd. 19 A D 2d 699). He who seeks to invoke the benefits of a statute which could sharply curtail the rights of others must himself obey its mandates. Concur — Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.